UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY (PEER) 2000 P STREET NW SUITE 240 WASHINGTON, D.C. 20036 <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR AND MR. KENNETH SALAZAR IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE INTERIOR U.S. DEPARTMENT OF THE INTERIOR 1849 C STREET N.W. WASHINGTON, D.C. 20240 <br><br> U.S. NATIONAL PARK SERVICE (NPS) AND MR. JONATHAN B. JARVIS IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE NATIONAL PARK SERVICE U.S. NATIONAL PARK SERVICE 1849 C STREET NW WASHINGTON, D.C. 20240 <br><br> Defendants. | Civil Action # <br><br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**PRELIMINARY STATEMENT**

1. This action is brought under the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 702 and 706(1), in order to compel the Secretary of the U.S. Department of the Interior ("DOI") and the Director of the National Park Service ("NPS") to make a determination with regard to Plaintiff's petition for rulemaking. Agencies are required to conclude matters before them within a reasonable time. 5 U.S.C. § 555(b). Further, DOI

      regulations provide that petitions for rulemaking "will be given prompt consideration and the petitioner will be notified promptly of action taken." 43 C.F.R. 14.3.

2. Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit organization with tax-exempt status dedicated to research, public education and advocacy concerning the activities and operations of the federal government.

3. On June 20, 2002, Plaintiff, along with other interested parties, ("petitioners") submitted a petition for rulemaking to the then Secretary of the Interior and the then Director of NPS seeking specific federal regulations governing hunting in the Mojave National Preserve in the State of California ("Mojave Preserve").

4. On October 29, 2002, Mr. Jay Tutchton of the Earthjustice Legal Defense Fund sent a letter on behalf of the petitioners requesting that the Secretary acknowledge the receipt of the petition.

5. The then NPS Regional Director, Jonathan Jarvis, acknowledged receipt of the petition on behalf of then DOI Secretary Norton in a letter dated November 27, 2002. The letter stated that NPS would seek federal regulation of hunting as sought by the petition only if a process involving amendments to state hunting regulations was unsuccessful.

6. Mr. Tutchton wrote to the then Regional Director Jarvis in a letter dated January 24, 2003 requesting publication of the petition in the Federal Register as well as further action on the petition.

7. In a letter to the then Regional Director Jarvis dated May 12, 2003, Plaintiff PEER requested documents under the Freedom of Information Act related to the subject matter of the petition.

8. The then Regional Director Jarvis, by letter dated September 22, 2003 to Plaintiff PEER, stated that the timing of any action concerning Mojave Preserve hunting regulations was dependent on the agency's workload and again gave no substantive response to the petition.

9. All petitioners, by letter dated September 26, 2003 to the Secretary of the Interior, again requested prompt consideration of the petition and its publication in the Federal Register.

10. In a letter dated April 7, 2004, the then Assistant Secretary for Fish and Wildlife and Parks responded that the petition for rulemaking would not be published in the Federal Register and that "The park fully intends to pursue promulgation of federal regulations . . . ." No such regulations have been forthcoming.

11. Plaintiff again asked for a response to the petition for rulemaking by letter dated May 13, 2009; however, no response has been received.

12. Defendants have had ample time beyond that legally required to respond to Plaintiff's petition for rulemaking. It has been well over seven years since the petition for rulemaking was submitted, yet no adequate response has been offered.

13. Defendants' conduct amounts to agency action unlawfully withheld and/or unreasonably delayed with regard to resolving the matters raised in Plaintiff's petition. Defendants' conduct frustrates Plaintiff's efforts to compel the agency to act in accordance with various legal authorities, as detailed in the petition.

14. Plaintiff seeks a court order requiring Defendants to promptly act upon the petition for rulemaking of June 20, 2002, as well as other appropriate relief.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction).

16. This Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

17. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2412(d).

18. Venue is properly vested in this Court under 28 U.S.C. § 1391(e), because the Plaintiff PEER and Defendants reside in this district and a substantial part of the events and omissions which gave rise to this action occurred in this district.

## PARTIES

19. Plaintiff PEER is a non-profit public interest organization, with its main office located in Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, New Jersey, Arizona, and Tennessee. PEER serves the professional needs of the local, state, and federal employees – the scientists, hydrologists, biologists, and rangers – charged with the protection of America's environmental resources, including the resources within the national park system. PEER also represents its members who reside in California, recreate at the Mojave Preserve, and enjoy the wildlife that inhabit the Mojave Preserve.

20. PEER and its members are injured by the direct harm to endangered species, such as the desert tortoise, caused by the absence of federal regulations governing hunting on the Mojave Preserve, which results in hunting on the Preserve being governed only by California's game laws, which allow the harvesting of nongame animals and varmints,

and which permit a prolonged hunting season within the Mojave Preserve. PEER and its members are also harmed by the absence of an agency response to their petition for rulemaking. The Defendants' refusal to consider the petition denies Plaintiff the right to be heard by the agency and to offer suggested rulemaking that would limit harm to the Mojave Preserve and its wildlife by means of federal special regulation of hunting within the Mojave Preserve as is required by current NPS management policies. The Defendants' failure to comply with the APA and the DOI regulations has deprived PEER and its members of timely and substantive consideration of their concerns as described within the petition for rulemaking. These are all real and cognizable injuries.

21. Defendant DOI is an Executive Department and is an agency of the United States as defined by 5 U.S.C. § 551(1). Defendant Salazar is the current Secretary of the Interior.

22. Defendant NPS is subagency of Defendant DOI and is an agency of the United States as defined by 5 U.S.C. § 551(1). Defendant Jarvis is the current Director of NPS.

## FACTS

23. Plaintiff and other interested parties ("petitioners") jointly submitted a petition for rulemaking dated June 20, 2002 to the Secretary of the Interior and the Director of the National Park Service. The petition sought specific regulations governing hunting in the Mojave National Preserve in the State of California, which is under the authority of NPS. Petitioners contended that such regulations were necessary to bring the NPS into compliance with the Preserve's General Management Plan, the Endangered Species Act Recovery Plan for the threatened desert tortoise, NPS management policies and the Endangered Species Act Biological Opinion for the Preserve.

24. On October 29, 2002, Mr. Jay Tutchton of the Earthjustice Legal Defense Fund submitted a letter on behalf of petitioners seeking acknowledgement of receipt of the petition for rulemaking.

25. By letter dated November 27, 2002, the then NPS Regional Director Jonathan Jarvis, on behalf of the Secretary of the Interior, acknowledged receipt of Plaintiff's petition for rulemaking. The letter stated that NPS would seek federal regulation of hunting as sought by the petition only if a process involving potential amendments to state hunting regulations was unsuccessful.

26. On January 24, 2003, Mr. Tutchton again wrote to the Regional Director, requesting that the petition be published in the Federal Register, as authorized by 43 CFR 14.4, and that the agency otherwise respond to the petition. Mr. Tutchon pointed out that federal hunting regulations were legally required regardless of the existence or content of state hunting regulations.

27. Plaintiff, in a letter dated May 12, 2003, referenced the petition and the letter from Tutchon regarding the petition, and requested documents under FOIA regarding correspondence between DOI, NPS, and the California Department of Fish and Game concerning hunting on the Mojave Preserve.

28. The Regional Director, by letter dated September 22, 2003, stated to Plaintiff that it had "... correctly identified the Management Policies (8.2.2.6) that we [NPS] follow. Rest assured we will follow the General Management Plan for Mojave National Preserve, in which you indicate concerns about our moving ahead with a regulation on hunting. Timing is everything – for our staff workload and our ability to management [sic] a public process."

29. All petitioners, by letter dated September 26, 2003 to the Secretary of the Interior, again requested prompt consideration of the petition, noting that it had been 15 months since it had been filed. Petitioners alleged that a private individual had obtained a copy of the petition and communicated his opposition to it to then DOI Deputy Secretary Paul Hoffman. Petitioners asked that the impropriety be addressed by making the petition available for comment by all members of the public by publication in the Federal Register.

30. In a letter dated April 7, 2004, Craig Manson, then Assistant Secretary for Fish and Wildlife and Parks, stated that the petition for rulemaking would not be published in the Federal Register and that "The park fully intends to pursue promulgation of federal regulations . . . ." The letter further stated that the content of the federal regulations would be dependent on the actions of the State Commission. Assistant Secretary Manson continued, "The promulgation of federal regulations with regard to species and seasons for hunting, therefore, is *temporarily* on hold in anticipation of a response from the State" (emphasis added).

31. In a last ditch effort to secure legal compliance and action on their petition, Plaintiff sent a letter dated May 13, 2009 to current Secretary of the Interior Kenneth Salazar recounting the correspondence between the agency and petitioners. Plaintiff again requested a prompt and substantive response to the petition from the agency. Plaintiff has received no response to this letter.

32. Plaintiff has allowed DOI and NPS substantial time beyond that legally required to respond to a petition for rulemaking. It has been over seven (7) years since Plaintiff

submitted the June 20, 2002 petition for rulemaking, and over five (5) years since Defendants have corresponded with Plaintiff. Plaintiff still awaits a cogent response.

33. Defendants are unlawfully withholding and unreasonably delaying agency action and Plaintiff now turns to this Court to implement the remedies provided by the APA.

## CAUSES OF ACTION

### Count I: Violation of the Administrative Procedure Act

34. Plaintiff repeats the allegations in paragraphs 1 through 33.

35. Defendants have a duty to proceed to conclude matters presented to them within a reasonable time, pursuant to 5 U.S.C. §§ 555(b).

36. The Administrative Procedure Act requires that courts compel agency action which is unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

37. DOI and NPS's failure to respond to Plaintiff's petition for rulemaking for seven years constitutes agency action unlawfully withheld and/or unreasonably delayed in violation of the Administrative Procedure Act and entitles Plaintiff to relief. 5 U.S.C. §§ 555(b), 702 and 706(1).

### Count II: Violation of the Department of the Interior Regulations

38. Defendants have a duty to promptly consider and respond to petitions for rulemaking submitted to them. 43 C.F.R. 14.3.

39. Defendants' failure to respond to Plaintiff's petition for rulemaking for seven years is a denial of the prompt consideration required under 43 C.F.R. 14.3.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

i. Enter an Order declaring that DOI and NPS have wrongfully withheld and/or unreasonably delayed responding to Plaintiff's petition for rulemaking;

ii. Issue a permanent injunction directing DOI and NPS to respond to Plaintiff's petition for rulemaking within 30 days of the Court's order;

iii. Maintain jurisdiction over this action until DOI and NPS are in compliance with the Administrative Procedure Act, Department of the Interior regulations, and every order of this Court;

iv. Award Plaintiff its attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: Washington, D.C.
July 28, 2010

Respectfully submitted,

*Paula Dinerstein*
Paula Dinerstein, DC Bar No. 333971
Senior Counsel
Christine Erickson, CA Bar No. 263862
Staff Counsel
Public Employees for Environmental Responsibility
2000 P Street, NW, Suite 240
Washington, D.C. 20036
(202) 265-7337
Attorneys for Plaintiff